MORAL & Co., PLAINTIFFS AND APPELLEES, *v.* NEW YORK & PORTO RICO STEAMSHIP COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for an Injunction and Damages.

No. 1712.—Decided March 21, 1918.

COMMON CARRIER—LIEN.—A common carrier by water has a lien on the goods of a shipper for its transportation charges until actual delivery of the goods.

ID.—ID.—DELIVERY OF GOODS—LOSS OF LIEN—BAILEE.—When the carrier makes an initial or symbolic delivery of the goods to the consignee by O.K.ing the bill of lading and by other acts and words of the agent of the carrier, especially in telling the consignee that he may take his goods from the wharf, from that moment the carrier loses his lien and his subsequent possession of the goods is that of a depositary or bailee without a lien.

DAMAGES—ADVICE OF COUNSEL.—Fees paid for advice given to a person deprived of the possession of goods and for advice of counsel generally, form no part of the damages consequent upon such wrongful detention.

The facts are stated in the opinion.
*Mr. Charles Hartzell* for the appellant.
*Mr. Angel A. Vázquez* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

That a common carrier by water has for its transportation charges a lien on the goods of a shipper until the actual delivery of the goods is a proposition that may be accepted without qualification in this case. Here, however, the consignee went to the office of the agent of the common carrier and the said carrier O. K'd the bill of lading marked "prepayable," such a practice generally, but not universally, indicating that the freight has been paid. The said agent also notified the said consignee that he might take the goods. From the evidence and the findings of the court we have no doubt that it was the intention of the parties, by their acts, to make a delivery of the goods and that thus the lien was lost. The only doubt we have on the point arises from the stipulation signed during the progress of the cause. There it was recited that the defendant commenced to deliver the goods and afterwards retained a part of the same. The complainants almost stipulated themselves out of court, but on the whole we are of the opinion that there was an initial or symbolic delivery of the goods by reason of the O. K.ing of the bill of lading and of other acts and words of the agent, especially in telling the complainants that they might take their goods from the wharf. From that moment the defendant company lost its lien and its subsequent possession of the goods, if any legal relation existed, was that of a depositary or bailee without a lien. Some point is made that goods are generally delivered gradually by cars or loads and a receipt given for individual carloads, and that it is only when the whole load is turned over that the final receipt is signed. In other words, it is urged that the possession is that of a carrier until such final delivery. It may or may not be that the car checks given for these individual lots are a form of verification of the delivery of the goods as specified in the bill of lading. We are not called upon to decide whether in the average case the lien continues until such final delivery, but we do hold that the acts, conduct

and understanding of the parties before us all pointed to a delivery at the time of the O. K.ing of the bill of lading. Strength is added to our conclusion by the fact that the wharf where the goods were deposited is a public one; by the fact that the turning over of the goods had begun and was only postponed to the next day by reason of the heavy rain, and, further, by the fact that the defendant only attempted to retain the goods after it had received notice by cable that the freight had not been paid. At no time, so far as the evidence discloses, did the defendant company ask for the payment of the freight, or indicate to the complainants that the freight had not been paid, and the testimony tended to show that the custom was to pay the freight at the other end.

After the defendant company had O. K'd the bill of lading, told the complainants to take their goods and the latter was in the process of taking them until interrupted by the rain, we question whether any responsibility would have attached to the company for the possible loss of the eighty sacks of oats remaining on the wharf, which were the goods the defendant company subsequently attempted to retain for its alleged lien.

We cannot agree with the appellant that there was no proof of the payment of the one hundred dollars to Attorney Vázquez, but we do think that the said one hundred dollars was no proper part of the complainants' damages. Fees paid for advice given to a person deprived of the possession of goods and, generally, for advice of counsel form no part of the damages consequent upon such wrongful detention. 8 R. C. L. 499. See also sections 1068, 1073 and 1074 of the Civil Code. No other damages were proved to the satisfaction of the court below, and the complainants were only entitled to nominal damages.

Nor do we see the temerity of defendant. While we do not agree with the appellant that it was incumbent upon the appellees to make a tender of the freight charges, es-

pecially as no demand was made therefor, there was sufficient doubt of the delivery of the goods to give the defendant some justification in defending. There were unquestionably unpaid freight charges.

So far as the actual suit was concerned, the complainants were making, as it seems, an unjustified demand for three thousand dollars damages. Stripped of this demand for three thousand dollars, it is dubious whether the value of the whole eighty sacks of oats retained exceeded five hundred dollars and there was no suggestion in the record that the oats would be lost to complainants. For these considerations and in accordance with the decisions of this court in the cases of *Martínez* v. *Padilla,* 19 P. R. R. 555, and *Hernaiz, Targa & Co.* v. *Vivas et al.,* 24 P. R. R. 779, the award of counsel fees must be reversed.

The judgment must be affirmed in so far as it restrained the defendant from interfering with the taking of the goods, modified as to damages to make them nominal and reversed as to attorney fees.

*Modified and affirmed in part.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.